

**Dated: January 6, 2017**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                              )
                                                    )
Delton James Eastep, II, and                        )          Case No. 16-11425-JDL
LaDonna Gayle Eastep,                               )          Chapter 7
                                                    )
            Debtors.                                )

### <u>ORDER DENYING MOTION TO REOPEN CASE</u>

This matter is before the Court on the *Motion to Reopen Chapter 7 and Notice of Opportunity for Hearing* filed by the Debtors, Delton James Eastep, II and LaDonna Gayle Eastep ("Debtors") on December 1, 2016, (the "*Motion*") [Doc. 45]. The *Motion* seeks authority to reopen this bankruptcy case in order that Debtors may file a reaffirmation agreement out of time. As set forth at greater length below, the *Motion* is denied. The following constitutes the Bankruptcy Court's findings of fact and conclusions of law as required by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure.

## Jurisdiction

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).  The Court has jurisdiction to determine this matter under 28 U.S.C. § 1334 and the Standing Order of Reference issued by the United States District Court for the Western District of Oklahoma found at LCvR81.4.

## Statement of the Case

On April 14, 2016, Debtors filed a Petition pursuant to Chapter 13 of the United States Bankruptcy Code. [Doc. 1].  On June 22, 2016, the case was voluntarily converted by Debtors to one under Chapter 7. [Doc. 21].  On September 20, 2016, the Court entered its Order granting Debtors a discharge under 11 U.S.C. § 727. [Doc. 43].  A Final Decree closing the case was entered on October 20, 2016.  On December 1, 2016, Debtors filed their *Motion* for the limited purpose of allowing Debtors to file a reaffirmation agreement with Ford Motor Credit, LLC ("FMCC") in exchange for FMCC's agreement to rescind its decision to seek repossession of the Debtors' 2013 Ford Fusion. [Doc. 45 ¶ 4].

## Discussion

A bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause".  11 U.S.C. § 350(b).  A case should be reopened only if the court makes the threshold determination that one of the three grounds articulated in §350(b) exists.  *In re Bellano,* 456 B.R. 220 (Bankr. E.D. Pa. 2011); *In re Lee, 356 B.R. 177, 180* (Bankr. N.D.W.Va. 2006).  The party moving to reopen a case has the burden of proof. *In re Cloninger III,* 209 B.R. 125, 126 (Bankr. E.D. Ark.1997).

2

The decision to reopen a case "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case". *In re Galloway-O'Connor,* 539 B.R. 404, 407 (Bankr. E.D.N.Y. 2015); *Katz v. I.A. Alliance Corp. (In re I. Appel Corp.)*, 104 Fed.Appx. 199, 200 (2nd Cir.2004) (quoting *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1307 (2nd Cir.1996)). Although a motion to reopen is generally considered a "ministerial act", in determining whether to grant the motion, it is appropriate for the Court to review the legal merits of the relief sought upon reopening. See *In re Smith*, 426 B.R. 435, 440 (E.D.N.Y.2010), *aff'd Smith v. Silverman (In re Smith)*, 645 F.3d 186 (2nd Cir. 2011).

The Court recognizes that no party has filed an objection to the *Motion*. Notwithstanding the absence of an objection, the Court is obligated to follow and apply the law, even where the litigants unanimously (either formally or through their silence) urge otherwise. Despite the lack of objection "courts are not required to grant a request for relief simply because the request is unopposed". *In re Millspaugh*, 302 B.R. 90, 93 (Bankr. D. Idaho 2003). Indeed, "the granting of an uncontested motion is not an empty exercise but requires the court to find merit to the motion". *In re Nunez*, 196 B.R. 150,156 (9th Cir. BAP 1996). Lack of opposition "does not absolve the court of its responsibility to ensure that relief may be properly entered". *In re Lancaster,* 2003 WL 109205 (Bankr. D. Idaho 2003). In the words of Learned Hand, "a judge is more than a moderator; he is charged to see that the law is properly administered, and it is a duty which he cannot discharge by remaining inert". *United States v. Marzano,* 149 F.2d 923, 925 (2nd Cir. 1945).

The Court will limit the exercise of its discretion to reopen a closed case "in circumstances where relief may ultimately be afforded to a party, but not where reopening is futile or a waste of judicial resources". *In re Mir Mohammed*, 536 B.R. 351, 355 (Bankr. E.D. N.Y. 2015); *In re Farley*, 451 B.R. 235, 237 (Bankr. E.D. N.Y. 2011). Here on both the facts and the law, Debtors' *Motion* fails.

There are three grounds in § 350(b) to support a request to reopen: "to administer assets, to accord relief to the debtor or for other cause." Debtors do not specifically state which grounds upon which they rely. The Court must therefore extrapolate from their *Motion* the basis of their request. It seems clear that what they intend here does not involve administration of assets. On the other hand, it seems equally clear that seeking such relief is "to accord relief to the debtor" for the reason that executing a reaffirmation agreement with FMCC may allow Debtors to retain possession of the vehicle which they need as transportation to and from work.

The problem presented for the Court, however, is that "to accord relief" is not permitted when a discharge has been entered prior to the reaffirmation agreement. Bankruptcy Code § 524(c)(1) provides the following:

> An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
>
> (1) such agreement was **made before the granting of the discharge under section 727**, 1141, 1228, or 1328 of this title; (Emphasis added.).

The statute clearly requires that a debtor seek approval of the agreement prior to obtaining a discharge.[1]  Rule 4008(a) of the Federal Rules of Bankruptcy Procedure constrains that time period even further, by requiring that the agreement be filed not later than 60 days after the first date set for the creditors meeting.  While enlargement of that deadline is within the Court's discretion[2], it must be sought prior to discharge.  See *In re Mardy,* 2011 WL 917545 (Bankr. E.D.N.Y. 2011).  Bankruptcy Rule 4004 specifically provides that after the deadline to object to discharge passes, a discharge must be granted "forthwith," unless, inter alia, a motion to enlarge the time to file a reaffirmation agreement is pending.  Fed.R. Bankr. P. 4004(c)(1)(J).  In the present case, no such extension was sought and so, as a result, the discharge was entered in due course.

Once a bankruptcy court has entered an order of discharge, the § 524(c)(1) deadline for making such an agreement is passed, and the court thereafter lacks jurisdiction to approve the agreement.  *In re Reed*, 177 B.R. 258, 259–60 (Bankr. N.D. Ohio 1995), citing *In re Gruber*, 22 B.R. 768, 770–71 (Bankr. N.D. Ohio 1982).  "[R]eaffirmation agreements must be entered into *prior* to discharge to have legal significance.  Those entered into after entry of a discharge are unenforceable, and are of no legal significance."  *In re Eccleston*, 70 B.R. 210, 212 (Bankr. N.D.N.Y.1986).  See also, *In re Whitmer*, 142 B.R. 811, 814

---

[1] However, where it can be shown that the reaffirmation agreement was "made", i.e. signed, before the granting of the discharge, then the reaffirmation agreement may be "filed" after the granting of the discharge. See e.g. *In re Davis*, 273 B.R. 152 (Bankr. S.D. Ohio 2001); *In re Rigal*, 254 B.R. 145 n.3 (Bankr. S.D. Tex. 2000) ("Under the statutory scheme, it would appear that the agreement may be filed after discharge if all other requirements are completed prior to discharge."). There is no allegation in the *Motion* that a reaffirmation agreement was entered into before the discharge was granted and the case closed.

[2] § 521(a)(2)(B) allowing court to grant debtor additional time to reaffirm.

(Bankr. S.D. Ohio 1992) (finding that court lacked jurisdiction to enter order approving post-discharge reaffirmation agreement); *In re Stewart*, 355 B.R. 636, 638–39 (Bankr. N.D. Ohio 2006) (declining to invoke the court's equitable authority to overcome plain, unambiguous statutory language: "court has no jurisdiction to approve a reaffirmation agreement once discharge has been granted'.); and *In re Gibson*, 256 B.R. 786, 788 (Bankr. W.D. Mo. 2001) (citing lack of jurisdiction as rationale for declining to approve post-discharge reaffirmation).

The majority of courts hold that a reaffirmation agreement made post-discharge is unenforceable. See, e.g., *In re Rigal,* 254 B.R. 145, 148 (Bankr. S.D. Tex.2000); *In re Collins*, 243 B.R. 217, 220 (Bankr. D. Conn. 2000); *In re Reed*, 177 B.R. 258, 259–60 (Bankr. N.D. Ohio 1995); *In re Brinkman,* 123 B.R. 611, 612 (Bankr. N.D. Ind. 1991); *Winters Nat'l Bank & Trust Co. v. McQuality (In re McQuality)*, 5 B.R. 302, 303 (Bankr. S.D. Ohio 1980); In re Mardy, 2011 WL 917545 (Bankr. E.D. N.Y. 2011); *In re Engles*, 384 B.R. 593, 598 (Bankr. N.D. Okla. 2008); In re Clark, 2010 WL 5348721 (Bankr. E.D. N.Y. 2010); *In re Suber*, 2007 WL 2325229 (Bankr. D. N.J. 2007).

A minority line of authority relies upon the bankruptcy court's equitable powers and/or Fed. R. Civ. P. 60(b)(6) to allow post-discharge reaffirmation agreements but only upon a finding that a demanding evidentiary burden has been met. See, e.g., *In re Edwards*, 236 B.R. 124, 126–27 (Bankr. D. N.H. 1999) (requiring "special circumstances" to be shown); *In re Eccleston*, 70 B.R. 210, 213 (Bankr. N.D. N.Y.1986) (requiring "extraordinary circumstances."); *In re Long*, 22 B.R. 152, 154 (Bankr. D. Me. 1982); and *In re Solomon*, 15 B.R. 105, 106 (Bankr. E.D. Pa.1981).  This Court rejects those cases

6

permitting the post-discharge filing of a reaffirmation agreement. Furthermore, in the present circumstances, the Court does not find such *extraordinary circumstances* that would allow it to circumvent the plain letter of the law in order to afford Debtors relief.

In considering the facts of this case against both the majority and minority rationales, the Court is not unmindful that the equities supporting Debtors' request are not insignificant.  It appears that reaffirmation may allow Debtors to retain possession of the vehicle upon which they rely for transportation to and from work.  Furthermore, the fact that Debtors are apparently current on their payments gives the Court pause as to FMCC's economic motive for wanting to repossess the vehicle.[3]   However, as sympathetic as the Court may be, this does not allow the Court to expand the limits of the Bankruptcy Code. As the Court in *Stewart*, 355 B.R. 636, 638-639 (Bankr. N.D. Ohio 2006) explained:

> Debtor's "logic" argument misconstrues the Court's authority under § 105(a).  A bankruptcy court's equitable powers "must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485

---

[3] Post BAPCPA so-called "ride-through" is not permitted so as to allow a debtor to keep possession of the vehicle if she has not executed a reaffirmation agreement or exercised redemption.  That means that the automatic stay is lifted, but it does not necessarily mean that the creditor is entitled to possession.  Although the discharge lifted the automatic stay so as to allow FMCC to proceed with self-help or in state court to obtain repossession of the vehicle, one cannot draw the conclusion that it is entitled to exercise such remedies.  Such remedies are determined by state law, not bankruptcy law.  Under the Oklahoma Uniform Commercial Code (UCC), a secured creditor cannot exercise its rights under the UCC until "[a]fter default." 12A O.S. §9-601(b).  The term "default" is not defined in the UCC; however, the UCC provides that "[a] transaction subject to this chapter [of the UCC] is subject to "any applicable rule of law which establishes a different rule for consumers . . .." UCC. §9-201(b).  In turn, the Oklahoma Uniform Consumer Credit Code (U3C) applicable to a transaction such as this provides that a default exists in a consumer credit transaction only if "the consumer fails to make a payment as required by the agreement," or "the prospect of payment, performance, or realization of collateral is significantly impaired").  14A O.S. §5-109. In the absence of a payment default, it is not going to be sufficient for secured creditor to meet its burden for establishing "significant impairment" simply by showing the debtor filed bankruptcy.  *Dumont v. Ford Motor Credit Co.*, 383 B.R. 481 (9th Cir. BAP 2008); *In re Steinhaus*, 349 B.R. 694 (Bankr D. Idaho 2006).

U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988).
Bankruptcy courts cannot "use equitable principles to disregard
unambiguous statutory language." *In re C–L Cartage Co., Inc.*,
899 F.2d 1490, 1494 (6th Cir.1990). Section 105(a) "may be
invoked only if, and to the extent that, the equitable remedy
dispensed by the court is necessary to preserve an identifiable
right conferred elsewhere in the Bankruptcy Code." *In re
Jamo*, 283 F.3d 392, 403 (1st Cir. 2002). Moreover, because
"reaffirmation agreements are not favored," strict compliance
with § 524(c) is mandated. See *In re Bennett*, 298 F.3d 1059,
1067 (9th Cir. 2002).

See also *In re Bellano*, 456 B.R.220, 224 (Bankr. E.D. Pa. 2011) (quoting *Stewart*).

As stated above, a case cannot be reopened if no relief could be afforded. A reaffirmation agreement cannot be executed and filed after the discharge, thus no relief can be afforded to these Debtors.[4]

For the reasons set forth above, Debtors' *Motion to Reopen Chapter 7* [Doc. 45] for the purpose of filing a reaffirmation agreement shall be and is hereby **DENIED**.

**# # #**

---

[4]. Although not a direct issue here, the Court notes that it would not entertain an "end run" motion to revoke the discharge order for the purpose of filing a reaffirmation agreement. Section 727(d) specifically provides that the Court will only revoke a discharge on the timely request of the *trustee or a creditor* and, then, only on the grounds specified. "There is no provision for the setting aside of a discharge upon the insistence of the debtors themselves, nor is there a provision that the debtors' desire to reaffirm a debt is cause for revocation of a discharge." *In re Pettet,* 271 B.R. 855 (Bankr. S.D. Ind. 2002); *In re Kirk,* 2014 WL 1248040 (Bankr. N. M. 2014) (holding the court has no ability to retroactively vacate a discharge order for the purpose of permitting the filing of the reaffirmation agreement); *In re Engles*, 384 B.R. 593 (Bankr. N.D. Okla. 2008) ("This court is not alone in its conclusion that a bankruptcy court does not have the authority to vacate a discharge for the purpose of filing a post-discharge reaffirmation agreement."); and *In re Carrillo*, 2007 WL 2916328 (Bankr. D. Utah 2007) ("Section 524(c)(1) is clear on its face. A debtor must enter into a reaffirmation agreement before a discharge is issued. The Court would undermine this statutory requirement and obfuscate its importance if it granted the relief requested. The debtor does not point any specific authority which would allow the Court to reach such a result and neither does the Court believe that such authority exists.").